-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KENNETH J. PHELAN,09A1183

       Petitioner,

    -v-                                  11-CV-6127CJS
                                           **ORDER**
BEZIO,

       Respondent.

---

This case was transferred to this Court by the Northern District of New York for venue purposes (Docket No. 3).[1] Petitioner Kenneth Phelan, acting pro se, is a prisoner housed at Great Meadow Correctional Facility. Petitioner is seeking relief pursuant to 28 U.S.C. § 2254 alleging that the disposition of a prison disciplinary proceeding that took place at Five Points Correctional Facility, Seneca County, in the State of New York, was unconstitutionally obtained, as set forth more precisely in the petition (Docket No. 1).

Petitioner states that he received a hearing disposition of six months of confinement time (SHU) and six months loss of good time. Petitioner further states that the Commissioner of the

---

[1] As noted in the transfer order from the Northern District of New York (Docket No. 3), this is the second time petitioner has initiated a habeas proceeding regarding this disciplinary matter in the Northern District of New York. The prior action was similarly transferred to this Court and was then dismissed **without prejudice** based on petitioner's failure to comply with the Court Order requiring either payment of the filing fee or submission of a completed application to proceed as a poor person. See Phelan v. Lempke, 10-CV-6639CJS, Docket Nos. 4 and 5.

Department of Correctional Services affirmed the finding of guilt on December 17, 2009, and that the Erie County Court then denied an Article 78 proceeding seeking review of the disciplinary determination.

Petitioner has failed to identify a proper respondent to his § 2254 habeas corpus petition. Petitioner has named as his respondent, Mr. Bezio. The correct respondent for a § 2254 habeas proceeding is the name of the authorized individual having custody of the petitioner. 28 U.S.C. § 2243. Given that petitioner is incarcerated in Great Meadow Correctional Facility, the correct respondent therefore would be the Superintendent of Great Meadow Correctional Facility. In light of petitioner's pro se status and the fact that this in no way will prejudice respondent, and in the interests of court efficiency, the Court will deem the petition amended to change the name of respondent to the Superintendent of Great Meadow Correctional Facility.

IT HEREBY IS ORDERED as follows:

    **1.** Permission to proceed as a poor person is granted;

    **2.** The Clerk of the Court is directed to terminate Bezio as respondent, add the Superintendent of the Great Meadow Correctional Facility as the new respondent, and revise the caption of this action accordingly.

    **3.** Respondent shall file and serve an **answer** to the petition, in accordance with Rules 4 and 5 of the Rules Governing

Section 2254 Cases in the United States District Courts, no later than **May 20, 2011.** Further, the answer shall state the proceedings that were conducted in relation to this disciplinary matter, and under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceedings, together with any record(s) of such proceedings, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in the disciplinary hearing at issue now before this Court shall submit such records to the respondent or respondent's duly authorized representative.

If petitioner appealed from the disposition of the disciplinary hearing or from an adverse judgment or order in a post-disciplinary proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

If petitioner chooses to file a written response to the answer and memorandum of law, he should file the response within sixty (60) days of receipt of the answer.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

**4.** The Clerk of Court shall serve a copy of the petition, together with a copy of this order, by certified mail, upon respondent Superintendent of Great Meadow Correctional Facility and upon the Office of the New York State Attorney General, Federal Habeas Unit, 120 Broadway, 12th Floor, New York, New York 10271-0332.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

**SO ORDERED.**

S/ MICHAEL A. TELESCA<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:    April 1, 2011
          Rochester, New York